IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. **3:12-CV-3026-L** |
| | § | |
| **CHARLES EDWARD KEY, JR.,** | § | |
| | § | |
| Defendant, | § | |
| | § | |
| and | § | |
| | § | |
| **IGNITE HOLDINGS, LTD.**, | § | |
| | § | |
| Garnishee. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is the United States'[s] Motion for Amended Final Order of Garnishment ("Motion") (Doc. 17), filed March 29, 2013. After considering the motion, response, record, and applicable law, the court **denies** theUnited States' Motion for Amended Final Order of Garnishment (Doc. 17) and **denies as moot** Defendant's request for a "formal document" to challenge the United States' Motion.

This garnishment action was initiated by the United States of America ("United States"), which previously sought and obtained a Final Order of Garnishment against the substantial nonexempt property belonging to or due Defendant Judgment Debtor Charles Edward Key, Jr. ("Key" or "Defendant"), and/or his spouse, Stephanie Holley, held by Garnishee Ignite Holdings, Ltd. ("Ignite") to enforce the judgment entered against Key on April 12, 2012, in Criminal Case No. 3:11-CR-324-O(01). Pursuant to 15 U.S.C. § 1673(a), the court directed Ignite, with regard to future

earnings, to pay to the United States monthly the lesser of: "1.25% of disposable earnings of Key and/or his spouse; or 2. Amounts by which the disposable earnings of Key and/or his spouse exceed 30 times the federal minimum hourly wage." Doc. 16.

The United States now seeks an amended order of garnishment, pursuant to 18 U.S.C. § 3664(n), directing Ignite to pay 100% of the earnings or payments due or owing to Key while he is incarcerated. The United States contends that it is permitted under the Crime Victim Rights Act to use all available and reasonable means to collect restitution. For support that it is entitled to 100% of the earnings or payments due or owing to Key from Ignite under section 3664(n), the United States cites *United States v. Cunningham*, 866 F. Supp. 2d 1050, 1061-62 (S.D. Iowa, 2012), for the proposition that "where only 25% of defendant's disability retirement payments could be garnished as nonexempt pension, pursuant to [the] All Writs Act, [the *Cunningham*] court ordered that 75% of monthly payments not subject to garnishment be paid to the Clerk of the Court while defendant was incarcerated as necessary and appropriate to effectuate § 3664(n) and the restitution order." Pl.'s Br. 2.

On April 17, 2013, Key filed a response in opposition to the Motion, contending that the additional earnings sought to be garnished by the United States are not garnishable. Key further contends that the earning that United States seeks to garnish are being used to pay for his five-year old's child care. He therefore requests that he be provided with a form or "formal document" to challenge the United States's Motion. Def.'s Answer 1.

Section 3556 of Title 18 states that a court in imposing sentence "shall order restitution in accordance with section 3663A [Mandatory Victim Restitution Act], and may order restitution in accordance with section 3663 [Victim and Witness Protection Act]." 18 U.S.C. § 3556. Section

**Memorandum Opinion and Order – Page 2**

3664 sets forth the procedure for restitution and permits the government to enforce a restitution obligation and order in the manner provided for in 18 U.S.C. §§ 3571-74 and 3611-15, and "by all other available and reasonable means." 18 U.S.C. § 3664(m)(1)(A). The government may enforce a restitution order "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law," subject to certain exemptions and the limitation that the maximum allowable garnishment of wages is 25% of disposable earnings or the amount by which disposable earnings exceed 30 times the federal minimum hourly wage, whichever is less. *See* 18 U.S.C. § 3613(a)(1),(3); 15 U.S.C. § 1673(a).

The government may also enforce a restitution order pursuant to section 3664(n). Only a handful of district courts in the Fifth Circuit have discussed or applied section 3664(n). In *United States v. Roush*, 452 F. Supp. 2d 676 (N.D. Tex. 2006), the court observed that section 3664(n) is triggered if a defendant receives a "windfall during imprisonment." *Id.* at 679. The *Roush* court's observation in this regard appears to be consistent with the express language of section 3664(n), which provides: "If a person obligated to provide restitution, or pay a fine, receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed." 18 U.S.C. § 3664(n).

According to the answer filed in this case by Ignite on September 19, 2012, Key and his spouse were employed by Ignite as contractors as of that date and their combined monthly gross earnings in wages, salaries, or commissions at that time totaled approximately $611.75. Ignite also confirmed that it did not possess or control any property, accounts or funds, such as sick leave, annual leave, retirement, pension, 401(k), SEP, IRA, IRA rollover, health savings, stock, stock

**Memorandum Opinion and Order – Page 3**

purchase, or profit sharing in which Key or his spouse maintains an interest. There is no indication that Key has received a "windfall" or "substantial resources" of the type in section 3664(n) from Ignite after being incarcerated or since Ignite filed its September 19, 2012 answer. Moreover, even assuming, without deciding, that section 3664(n) applies to wages or disposable earnings and trumps section 1673(a)'s limitation on garnishing disposable earnings, the $611.75 that Key and his spouse receive in monthly disposable earnings from Ignite can hardly be characterized as substantial.

Additionally, it is unclear from the record, but it would seem that Key's and his spouse's monthly earnings from Ignite, in the form of wages, salary, or commission, would have decreased during his Key's incarceration, rather than increased, since their earnings would now presumably be based only on the work performed by Key's spouse as a contractor. The court therefore determines, based on the limited information available, that garnishing 100% of Key's monthly disposable earnings due or owing to him from Ignite is not appropriate under section 3664(n). Accordingly, the court **denies** the United States'[s] Motion for Amended Final Order of Garnishment (Doc. 17) and **denies as moot** Defendant's request for a "formal document" to challenge the United States's Motion.

**It is so ordered** this 28th day of May, 2013.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge